1

2

3                            UNITED STATES DISTRICT COURT

4                            EASTERN DISTRICT OF CALIFORNIA

5

6    LEIOKO D. ROMERO,                        1:15-cv-01590-AWI-EPG (PC)

7              Plaintiff,                      FINDINGS AND RECOMMENDATIONS,
                                               RECOMMENDING THAT THE CASE BE
8         v.                                   DISMISSED, WITH PREJUDICE, FOR
                                               FAILURE TO STATE A CLAIM AND
9    TUOLUMNE COUNTY JAIL and                  FAILURE TO COMPLY WITH A COURT
     MCCAIG,                                   ORDER
10                                             (ECF NOS. 1 & 7)
              Defendants.
11                                             ORDER DIRECTING CLERK TO SEND A
                                               COPY OF ORDER TO PLAINTIFF AT
12                                             ADDITIONAL ADDRESS

13                                             OBJECTIONS, IF ANY, DUE IN THIRTY
                                               DAYS
14

15        Leioko Romero ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in

16   this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing

17   this action on October 19, 2015.  (ECF No. 1).  On November 30, 2016, the Court screened

18   Plaintiff's Complaint and found that it failed to state a claim.   (ECF No. 7).  The Court gave

19   Plaintiff thirty days from the date of service of the order to file an amended complaint or to

20   notify the Court that she wishes to stand on her Complaint, subject to findings and

21   recommendations to the district judge consistent with the screening order.  (Id.).  The Court

22   also warned Plaintiff that failure to file an amended complaint or to notify the Court that she

23   wishes to stand on the Complaint would result in the dismissal of her case.  (Id. at pgs. 9-10).

24        The time period expired, and Plaintiff did not file an amended complaint or notify the

25   Court that she wishes to stand on her Complaint.  Additionally, Plaintiff failed to keep the

26   Court and opposing parties informed of her current address, as required by Local Rule 183(b)

27   and the First Informational Order in Prisoner/Civil Detainee Civil Rights Case (ECF No. 3, p.

28   5).

                                               1

Accordingly, the Court will recommend that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'"  Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  This case has been pending for over a year and four months, and it has been over two months since Plaintiff was ordered to file an amended complaint or notify the Court that she wishes to stand on her Complaint.  Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to file an amended complaint or to notify the Court that she wishes to stand on her Complaint that is causing delay.  The Court found that Plaintiff's Complaint failed to state a claim over two months ago.  The case is now stalled until Plaintiff files an amended complaint or notifies the Court that she wishes to stand on her Complaint.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  While dismissal is a harsh sanction, the Court has already found that Plaintiff's complaint failed to state a claim.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id. at 643.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii) this action be DISMISSED based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983, as well as Plaintiff's failure to comply with a Court order;

2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015); and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Additionally, IT IS ORDERED that, in addition to the address listed for Plaintiff on the docket, the Clerk of Court is directed to send a copy of this order to: Leioko D. Romero, WF5997, Central California Women's Facility, P.O. Box 1508, Chowchilla, CA 93610.

IT IS SO ORDERED.

Dated:   **February 28, 2017**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE